IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ARNETTA McCLOUD, et al.,

    Plaintiffs,

vs.                                       Case No. 4:05cv101-RH/WCS

KENNETH W. FORTUNE,
Sheriff of Jefferson County, et al.,

    Defendants.

_____/

**O R D E R**

    Plaintiffs have filed a motion to compel discovery. Doc. 15. Defendants Fortune and Anderson have responded. Docs. 18 and 19.

**First Request for Production To Sheriff Fortune, Requests 3-8, 10, 24, 40-51, 56, 62, and 64-67**

    Plaintiffs argue that it is abusive for Defendants to insist that Plaintiffs inspect and copy the documents where they are kept in the ordinary course of business. Plaintiffs seek attorney's fees against counsel for Defendant Fortune pursuant to 28 U.S.C. § 1927 for taking an allegedly "dilatory and vexatious" position as to this issue. Doc. 15, p. 10.

Rule 34 permits a party to serve upon another party a request "to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents . . . ." The parties in federal litigation usually respond to requests for production by sending copies to the requesting party with a bill for the cost of copying. Despite this informal practice, however, the text of Rule 34 does not permit Plaintiffs to serve a request to Defendant Fortune that he copy documents in his possession and charge the cost to Plaintiffs. Rule 34 permits a request for inspection and copying, not a request for copying and mailing. This aspect of the motion to compel is denied.

Plaintiffs' motion for § 1927 attorney's fees as to this issue is frivolous. Plaintiffs are cautioned to read the Federal Rules of Civil Procedure more closely before seeking § 1927 remedies against opposing counsel.

While the Federal Rules of Civil Procedure must be applied as plainly written, they also must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. To keep expenses to a minimum, Defendants must provide Plaintiffs with a comfortable place in which to inspect the documents, and access to a suitable copy machine. Plaintiffs must pay the cost of copies. It has been assumed that Defendants would do this as a matter of course, and do not need these instructions. These directions are given simply to head off any further problems as to this discovery.

**First Request for Production To Sheriff Fortune, Requests 37-39**

These requests impliedly seek documents relating to undercover drug buys followed by a traffic stop in which possible drug money was found. The three requests

are separated into those instances where the person stopped was allowed to leave with the possible drug money, those instances where the person was allowed to leave with the possible drug money and thereafter arrested and prosecuted, and those instances when the possible drug money was confiscated. Records for a period of five years prior to the date of the incident in question (in 2001) are sought.

Defendants assert that the requests are temporally too broad and that production will cause unreasonable expense. Defendants state that the records of undercover drug buys are not organized in this fashion, and to go through five years of such records to create such organization would be unduly burdensome.

The temporal period is not too broad. The complaint makes serious allegations concerning a traffic stop, search, and subsequent prosecution. Comparisons to the practices of the previous five years could lead to evidence relevant to claims or defenses.

With regard to burden and expense, Defendants have not explained how many records of undercover drug buys exist, in what form they exist, how they are filed, or how they organized. Defendants, therefore, have not sufficiently shown undue burden. "[I]ntoning the 'overly broad and burdensome' litany, without more, does not express a valid objection." Mead Corporation v. Riverwood Natural Resources Corporation, 145 F.R.D. 512, 515 (D. Minn. 1992). Conclusory recitation of "expense and burdensomeness" without specificity provides no basis for the court to order limitations upon the discovery sought pursuant to Rule 26(b)(2). Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1550 (11th Cir. 1985); McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).

Case No. 4:05cv101-RH/WCS

It is reasonable to assume that records of all instances of undercover drug buys followed by traffic stops are contained in Defendants' investigatory or case files created in the five years preceding the events alleged in this complaint.  There is no special burden in producing such records.  Rule 34 provides that: "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories of the request."  If Defendants choose, they need only produce these records for inspection and copying as they are kept in the usual course of business, and do not need to organize them.

Case files from four to nine years ago are probably not still active.  If a particular case is still active, however, it should be identified in a privilege log and need not be produced for inspection.

Thus, the motion to compel is granted to this extent.  Defendants shall produce for inspection and copying all of the closed investigatory files for the five year period preceding the earliest alleged incident, except those which are in active investigation.

**First Request for Production To Sheriff Fortune, Request 61**

This request seeks the canine log for the canine used at the traffic stop and the house search.  Defendants state that they have not been able to locate this log, and have asked former employee Stinson to investigate whether he has the log.  In effect, then, Defendants have stated that they do not know where the log is, that it may no longer exist, and that they are trying to discover whether Stinson has it.

This request for production was directed to Sheriff Fortune.

Under Fed.R.Civ.P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the *legal right* to obtain the documents requested *upon demand*.

Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984) (emphasis added). "A party may be ordered to produce documents where that party has the legal right to obtain the documents, even though that party retains no copy, and regardless of whether the documents are beyond the jurisdiction of the court." M.L.C., Inc. v. North American Philips Corp., 109 F.R.D. 134, 136 (S.D. N.Y. 1986) (citation omitted).

Sheriff Fortune has a legal right to demand that Stinson turn over the canine log to him since it is a Florida public record. Stinson does not own it. If Stinson has the document in his possession, it must be produced for inspection and copying. If Stinson says that he does not have it, that ends the matter with respect to Sheriff Fortune. The motion to compel is denied as to this request because it is presumed to be moot.

**Third Request for Production to Sheriff Fortune, Request 1**

The dispute as to this request is the same as that resolved above. Plaintiffs must come to where the records are kept to inspect and copy them. The motion to compel is denied as to this request.

**First and Second Interrogatories to Anderson**

Anderson states that she served responses to these interrogatories on May 25, 2005. Doc. 19. Thus, this aspect of the motion to compel is denied as moot.

Accordingly, it is **ORDERED** that:

1. Plaintiffs' motion to compel discovery, doc. 15, is **GRANTED** and **DENIED** as set forth above. On or before **June 17, 2005**, Defendant Fortune shall produce for

inspection and copying those documents which respond to Requests 3-8, 10, 24, 40-51, 56, 62, and 64-67, and the case or investigatory files for the five year period preceding the date of the earliest incident alleged in the complaint.  Defendants must provide Plaintiffs with a comfortable place in which to inspect the documents, and access to a suitable copying machine.  Plaintiffs must pay the cost of copies.

    2.  Since Plaintiffs have not prevailed upon most of the issues presented in this motion to compel, Plaintiffs' motion for expenses is **DENIED**.

    **DONE AND ORDERED** on June 3, 2005.

    s/    William C. Sherrill, Jr.
    **WILLIAM C. SHERRILL, JR.**
    **UNITED STATES MAGISTRATE JUDGE**-