IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ARNETTA McCLOUD, et al.,

      Plaintiffs,

v.                                        CASE NO.  4:05cv101-RH/WCS

KENNETH W. FORTUNE, etc.,
et al.,

      Defendants.

_____/

## ORDER DENYING MOTION IN LIMINE ON AUDIOTAPE

      This is an action under 42 U.S.C. §1983.  Plaintiffs have moved to exclude an audiotape of a conversation that plaintiffs say was intercepted in violation of the *Florida* Constitution.  Plaintiffs make no claim that the interception of the conversation violated *federal* law or the *federal* Constitution.

      Even if plaintiffs were correct that the interception violated state law—far from a certain proposition—that would not preclude admission of the audiotape in this action.  In *United States v. Mathis*, 96 F.3d 1577 (11th Cir. 1996), the court held admissible a recording allegedly made in violation of Florida law.  The court said:

>Assuming without deciding that Mathis's interpretation of Florida law is correct, the fact remains, " 'that federal law governs the admissibility of tape recordings in federal criminal cases,' and complaints that the evidence was obtained in violation of state law are of no effect." *United States v. Butera*, 677 F.2d 1376, 1380 (11th Cir.1982) (rejecting that warrantless tape recordings should have been suppressed under Florida constitutional law because state and local officials were involved in the investigation) (quoting *United States v. Nelligan*, 573 F.2d 251, 253 (5th Cir.1978)), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983); *accord United States v. Workman*, 80 F.3d 688, 695 (2d Cir.1996).

*Mathis*, 96 F.3d at 1583.

It is true, of course, that *Mathis* was a criminal case, while the case at bar is civil. But that distinction does not help plaintiffs, for two reasons. First, the Federal Rules of Evidence apply in civil and criminal cases alike. Second, to the extent it matters at all, the distinction between civil and criminal cases cuts in precisely the opposite direction. An unbroken line of Supreme Court decisions makes clear that the exclusionary rule does not apply in civil proceedings. *See, e.g., Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 363, 118 S. Ct. 2014, 141 L. Ed. 2d 344 (1998) (upholding use of unconstitutionally seized evidence in parole revocation proceeding: "[W]e have repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials."); *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050, 104 S. Ct. 3479, 82 L. Ed. 2d 778 (1984)

(holding exclusionary rule inapplicable in civil deportation proceeding); *United States v. Janis*, 428 U.S. 433, 447, 96 S. Ct. 3021, 49 L. Ed. 2d 1046 (1976) (holding exclusionary rule inapplicable in civil tax proceeding); *United States v. Calandra*, 414 U.S. 338, 349-52, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974) (holding exclusionary rule inapplicable in grand jury proceeding).  In the case at bar, as in these various cases, evidence allegedly obtained unconstitutionally is not for that reason rendered inadmissible.

Although plaintiffs cite a Florida case dealing with the admissibility of evidence under Florida law, the trial in the case at bar will be governed by federal law, under which any violation of the Florida Constitution in the interception of the conversation at issue will not be grounds for exclusion.  Accordingly,

IT IS ORDERED:

Plaintiffs' motion in limine (document 52) is DENIED.

SO ORDERED this 4th day of October, 2005.

                        s/Robert L. Hinkle
                        Chief United States District Judge