# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ARNETTA McCLOUD, et al.,

    Plaintiffs,

v.                                                        CASE NO. 4:05cv101-RH/WCS

KENNETH W. FORTUNE, etc.,
et al.,

    Defendants.

_____/

## ORDER CONTINUING TRIAL AND GRANTING MOTION IN LIMINE

For the reasons set forth on the record of the telephonic hearings of December 5 and 7, 2005,

IT IS ORDERED:

1.  Trial is continued until Monday, February 6, 2006.

2.  By separate notice, the clerk shall set a further pretrial conference by telephone for Wednesday, January 11, 2006, at 11:30 a.m.

3.  Defendants are granted leave to file by December 14, 2005, any further motion for summary judgment related to issues addressed by the Order Granting Summary Judgment in Part entered December 2, 2005 (document 114). Plaintiffs

shall file their memorandum in response to any such motion by January 3, 2006. Any such motion will be taken under advisement based on the record compiled as of the close of business on January 3, 2006, and a ruling may be entered without a hearing.

    4.  Claims of plaintiff Freddy McCloud, if not resolved by summary judgment, will be tried together will all other remaining claims.

    5.  The Order Granting Summary Judgment in Part entered December 2, 2005 (document 114) is clarified to confirm that, in addition to the rulings explicitly set forth in that order, summary judgment is granted in favor of defendant William D. Hayes on count 3.[1]

    6.  Defendants' ore tenus motion in limine is GRANTED as follows:

        A.  Unless and until authorized on request made outside the hearing of the jury, there shall be no mention within the jury's hearing of the filing, processing, or dismissal of charges against Mr. McCloud after his initial release on July 11, 2001, provided, however, that the court will advise the jury that, "No criminal charges ultimately were pursued against Freddy McCloud," and either

---

[1] The parties also asked for clarification of whether summary judgment was granted against the plaintiffs other than Mr. McCloud on count 2. According to the wherefore clause at the end of count 2 in the amended complaint, the only party seeking relief in that count was Mr. McCloud. Had the other plaintiffs sought relief in that count, summary judgment would have been entered against them, for the same reasons as summary judgment was granted against Mr. McCloud.

side may so state in opening or closing, without elaboration.[2]

  B. Unless and until authorized on request made outside the hearing of the jury, there shall be no mention within the jury's hearing of any offer to settle criminal charges against Freddy McCloud or to settle any civil claim in exchange for compromise or dismissal of criminal charges.

  C. If summary judgment is granted in favor of defendants on all of plaintiff Freddy McCloud's remaining claims, then, unless and until authorized on request made outside the hearing of the jury, there shall be no mention within the jury's hearing of the disposition of Mr. McCloud's civil claims.  This paragraph does not preclude defendants from impeaching Mr. McCloud as a witness by asking on cross-examination whether he is pursuing his own claims (without inquiring about or otherwise mentioning the court's intended disposition of the claims).

  SO ORDERED this 7th day of December, 2005.

            s/Robert L. Hinkle
            Chief United States District Judge

---

[2] Neither plaintiffs nor defendants have objected to the jury being so advised.  Plaintiffs have objected to the court's refusal to allow further proof of the filing and ultimate dismissal of charges.

*Case No: 4:05cv101-RH/WCS*